**E-FILED**
Friday, 21 January, 2005 02:47:52 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR04-20063-001 |
| | ) |
| DAXTRELL D. ROBINSON, | ) |
| | ) |
| Defendant. | ) |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America by Jan Paul Miller, United States Attorney for the Central District of Illinois,

and Eugene L. Miller, Assistant United States Attorney, and the defendant, Daxtrell D. Robinson,

personally and by his attorney, Baku Patel, have agreed upon the following:

### SCOPE

1.      This document contains the complete and only plea agreement between the United

States Attorney for the Central District of Illinois and the defendant. This agreement supersedes

and replaces any and all prior formal and informal, written and oral, express and implied, plea

agreements between the parties. No other agreement, understanding, promise, or condition

between the United States Attorney for the Central District of Illinois and the defendant exists,

except as set forth in this plea agreement.

2.      This plea agreement is binding only upon the United States Attorney for the

Central District of Illinois and the defendant. It does not bind any United States Attorney outside

the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea

agreement does not bind the Tax Division of the United States Department of Justice or the

- 2 -

Internal Revenue Service of the United States Department of the Treasury.

## THE PLEA

3.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant will enter a plea of guilty to Count 1 of the single count indictment in this cause. Count 1 of the indictment charges the defendant with the Possession of Fifty Grams or More of Cocaine Base ("crack") With the Intent to Distribute It in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(A)(iii). Pursuant to Rule 11(c)(1)(B), if the Court does not accept the recommendations of the parties as set forth below, the defendant understands that he does not have the right to withdraw his plea of guilty.

## ELEMENTS OF THE CHARGE

4.    The defendant has personally read the indictment and the charges to which the defendant is pleading guilty. The indictment and the charges have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty.

5.    The offense of Possession of Fifty Grams or More of Cocaine Base ("crack") With the Intent to Distribute It in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(A)(iii) has the following elements, each of which the prosecution must prove beyond a reasonable doubt:

> (a)    First, that the defendant knowingly possessed fifty grams or more of a mixture or substance containing cocaine base ("crack");
>
> (b)    Second, that the defendant possessed the cocaine base ("crack") with the intent to deliver it to another person.

6.    Possession of an object is the ability to control it. Possession may exist even

- 3 -

when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction and control over it, either directly or through others.

7.      The term "knowingly" means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.

## POTENTIAL PENALTIES

8.      The charge of Possession of Fifty Grams or More of Cocaine Base ("crack") With the Intent to Distribute It in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(A)(iii), a Class A felony, has the following potential penalties based on the defendant's two prior convictions for a felony drug offense, notice having previously been given pursuant to Title 21, United States Code, Section 851:

        (1)      Mandatory minimum life imprisonment; and

        (2)      Maximum $8,000,000 fine.

9.      The defendant further understands and agrees to pay the mandatory $100 Special Assessment for the single count of the Indictment to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this Plea Agreement. No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of guilty.

10.     Supervised release is not authorized due to the statutory mandatory minimum sentence of life imprisonment. Nonetheless, should the defendant receive a sentence of less than life imprisonment as a result of a downward departure motion at the discretion of the United

- 4 -

States, the defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

11. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## ACCEPTANCE OF RESPONSIBILITY

12. The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance with § 3E1.1(a) of the United States Sentencing Guidelines, and therefore, a two-level reduction in the offense level is appropriate. The United States also agrees, based upon the facts currently known by the United States, that the defendant has timely notified authorities of his intention to enter a plea of guilty in accordance with § 3E1.1(b) of the United States Sentencing Guidelines, and therefore, an additional one-level reduction in the defendant's offense level is appropriate if the defendant's offense level is 16 or greater. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States. The defendant understands that the Court will not be bound under this agreement by the positions of either party and will be free to make its own independent determination concerning the defendant's

- 5 -

acceptance of responsibility. An objection to the Court's ruling will not give the defendant any right to withdraw his guilty plea.

## COOPERATION BY THE DEFENDANT

13.    As a condition of this entire Plea Agreement, the defendant will cooperate fully with law enforcement officials as set forth in a cooperation agreement dated October 8, 2004 and attached hereto as Exhibit A. All information and testimony given by the defendant must at all times be complete and truthful. This means, for instance, that he must neither minimize his own actions nor fabricate or exaggerate anyone else's actions or involvement. The defendant's status does not hinge upon obtaining a conviction against anyone else; it is dependent solely upon his being truthful about the facts whatever those may be.

14.    The defendant agrees that if he violates the terms of that cooperation agreement, the United States will be completely released from all of its obligations under this Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw from any previously accepted guilty plea.

15.    The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

16.    The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to United States Sentencing Guidelines Section 5K1.1 and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. If the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses, but

- 6 -

the defendant's cooperation is not complete at the time of sentencing, the United States reserves
the right, in its sole discretion, to refrain from making a motion pursuant to U.S.S.G. §5K1.1 and
18 U.S.C. § 3553(e) at the sentencing and instead to make a motion, after the defendant's
cooperation is complete, for a downward departure from the sentencing guideline range pursuant
to Federal Rule of Criminal Procedure 35 (b) and from any mandatory minimum sentence
pursuant to 18 U.S.C. § 3553(e). The defendant understands that it is the policy of the United
States to make a motion under either U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure
35(b), but not both. The extent of any such recommended departure will depend solely upon the
United States' evaluation of the nature, extent, and value of the defendant's assistance, including
the defendant's truthfulness.

17.     The defendant and his attorney acknowledge that they have reviewed, and the
defendant understands, the possible application of United States Sentencing Guidelines § 5K1.1.
They further acknowledge, consistent with Application Note 3 to that Section, that the United
States is in the best position to assess the value of the defendant's cooperation to the United
States and its law enforcement efforts. In return for receiving the opportunity to cooperate with
the government and for the opportunity to be considered by the government for a motion and
recommendation for a downward departure pursuant to § 5K1.1, the defendant and his attorney
agree to limit any argument regarding the extent of a downward departure for substantial
assistance to only those grounds specifically set forth in § 5K1.1.

### SENTENCING RECOMMENDATIONS AND
### THEIR EFFECT UPON THE COURT

18.     The United States and the defendant remain free to recommend whatever sentence

- 7 -

each party deems appropriate, respectively, unless the United States makes a downward departure motion for substantial assistance in which case the defendant is limited in his recommendation as described above.

19.    The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, subject to the limitations of the United States Sentencing Guidelines.

20.    The defendant understands that the Court is required to consider any applicable Sentencing Guidelines, but may depart from those guidelines under some circumstances.

21.    The defendant agrees and understands that he will not be allowed to withdraw his guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

## DOWNWARD DEPARTURES

22.    The defendant and his attorney acknowledge that they have reviewed and the defendant understands the possible application of Sentencing Guidelines § 5H1.1 through § 5H1.12, § 5K2.0 through § 5K2.21 and other grounds for downward departure from the applicable Sentencing Guideline range. The defendant acknowledges that he has fully discussed any potential basis for downward departure with his attorney, Baku Patel.

23.    The defendant understands that there is no agreement as to the defendant's criminal history or criminal history category, and that the defendant's criminal history could alter the defendant's offense level if, for example, the defendant is a career offender or if the instant

- 8 -

offense was a part of a pattern of criminal conduct from which the defendant derived a substantial portion of the defendant's income. Since the defendant's criminal history cannot be determined prior to the completion of the presentence investigation, the United States and the defendant also reserve the right to argue at sentencing for, or oppose, an upward or downward departure for over-representation or under-representation of criminal history pursuant to United States Sentencing Guideline § 4A1.3.

24.     The defendant and his attorney agree that they will not argue, directly or indirectly, for a downward departure on any basis except over-representation of the defendant's criminal history. The defendant agrees that no other arguments for departures will be raised by the defendant at sentencing other than the specific departures mentioned in this agreement, except the defendant may raise any departure based upon facts that occur after the date the plea agreement is signed by the defendant.

## STIPULATION OF FACTS

25.     The defendant will plead guilty because he is in fact guilty. In pleading guilty, the defendant stipulates and agrees that the United States could prove the following to a jury beyond a reasonable doubt:

In early October 2004, Officers Mike Cox and Richard Dicken of the Danville Police Department used a confidential source to make a controlled purchase of crack cocaine from the defendant, Daxtrell Robinson, at the defendant's apartment located at 1103 ½ N. Franklin Street, Danville, in the Central District of Illinois. The CS stated that the defendant had broken the crack cocaine he had sold the CS off a golf ball size of rock cocaine the defendant had in his possession.

- 9 -

Around 1:00 p.m. on October 7, 2004, officers of the Danville Police Department
executed a state search warrant at the defendant's apartment located at 1103 ½ N. Franklin
Street. As officers arrived, they saw the defendant in the front yard of 1101 North Franklin and
placed him under arrest. During a search of the defendant, officers located a plastic baggie
containing 1.9 grams of cannabis hidden in a body cavity, and $64 United States Currency, $40
of which were marked bills that had previously been used to make a controlled purchase of
cocaine from the defendant at his residence.

No one was present inside the one bedroom apartment at the time officers entered. In the
front room, officers found a small set of electronic scales with white residue on top. On the stove
in the kitchen, officers found a yellow dish that contained a very small amount of crack cocaine.
During the search, officers located and seized a Sentry safe and an old military rifle with an
attached bayonet in a closet in the bedroom. Officers found a key to the safe on a key ring found
on the floor in the front room of the apartment. (The key ring also contained a key to the
apartment and two car keys to a blue Chevy Caprice parked in the driveway of the apartment; the
Chevy was registered to Daxtrell Robinson at 1103 ½ Franklin Street.) Inside the safe, officers
found 55.3 grams of cocaine base ("crack"), 78.3 grams of powder cocaine, and $3,731 U.S.
Currency. The substances seized from the safe were tested at the Illinois State Police forensic
science laboratory on November 8, 2004 and found to be 55.3 grams of cocaine base and 78.3
grams of powder cocaine.

Following his arrest, the defendant was taken to the Public Safety Building in Danville,
where he was searched again. During the search, officers found an additional 4.1 grams of
cocaine base ("crack") in his clothing. This substance also field tested positive as cocaine base at

- 10 -

the Illinois State Police forensic science laboratory. The officers informed the defendant of his Miranda warnings, and he agreed to waive his rights and speak to officers. The defendant admitted to VMEG Special Agent John Thompson that the substance found at his house was crack cocaine, that it belonged to him, and that he intended to distribute it.

## WAIVER OF RIGHT OF APPEAL FROM CONVICTION AND SENTENCE

26.     The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement.

## WAIVER OF RIGHT TO COLLATERAL ATTACK

27.     The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant

- 11 -

understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

## ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

28. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to

- 12 -

appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement.

## VIOLATION OF AGREEMENT BY DEFENDANT

29.    The defendant further agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to file additional charges against the defendant or to seek the defendant's resentencing. In the event, however, the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea.

30.    Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

31.    The defendant and his attorney acknowledge that they have reviewed and defendant understands the possible application of Sentencing Guidelines §1B1.3 (Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

32.    The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of his rights. Specifically, the defendant understands that by pleading guilty he is waiving the following rights, among others:

        a.    The right to plead not guilty or persist in the plea of not guilty if already

- 13 -

made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

    b.    The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

    c.    The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

    d.    The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

    e.    The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify,

- 14 -

and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

33. The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

34. Defense Counsel

I have read this Plea Agreement and have discussed it fully with my client, Daxtrell D. Robinson. It accurately and completely sets forth the entire Plea Agreement. I concur in the guilty plea as set forth in this Plea Agreement.

Date: <u>January 21, 2005</u>     <u>s/ Baku Patel</u>
Baku Patel
Attorney for the Defendant

35. Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, Baku Patel. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in

- 15 -

this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Date: January 21, 2005                          s/ Daxtrell D. Robinson
                                                Daxtrell D. Robinson
                                                Defendant

## ACKNOWLEDGMENT OF THE UNITED STATES

36.    United States Attorney's Office

I accept and agree to this Plea Agreement for the United States of America.

Date: January 21, 2005                          s/ Eugene L. Miller
                                                Eugene L. Miller
                                                Assistant United States Attorney
                                                201 South Vine Street
                                                Urbana, Illinois 61802
                                                Telephone: 217/373-5875



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*

---

*Jan Paul Miller*
*United States Attorney*

*Urbana Division Office*
*Urbana Federal Building and U.S. Courthouse*
*201 South Vine Street, Suite 226*
*Urbana, Illinois 61802-3369*
*TEL: (217) 373-5875*
*FAX: (217) 373-5891*

October 8, 2004

**VIA PERSONAL DELIVERY**
Robert A. Alvarado, Esq.
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602

RE:    **Cooperation and testimony by Daxtrell D. Robinson**

Dear Mr. Alvarado:

It is our understanding that your client, Daxtrell D. Robinson, desires to cooperate with the United States of America ("United States") in its efforts to enforce federal law on the condition that his statements are protected by a grant of use immunity to prevent him from facing any greater criminal liability as a result of cooperating. This letter is intended as a grant of conditional direct use immunity.

To avoid any misunderstanding, the specific terms of this grant of use immunity are:

1.    The United States agrees that no statement made or information provided pursuant to this agreement may be directly introduced as evidence against your client in any criminal case, including sentencing, excepting (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should he subsequently testify or take a factual position contrary to the information he provides. The United States will be free to make indirect, or derivative, use of his statements. This agreement means only that the fact he made certain incriminating statements pursuant to this agreement may not itself be introduced as evidence against him. The United States will also remain free to discharge its duty to the court by informing the court of any information he provides. The court will be notified that such information was obtained pursuant to this grant of use immunity.

2.    In return, your client agrees that he will provide <u>complete</u> and <u>truthful</u> information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. He also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control that relates to the information he provides.

Exhibit A

**Robert A. Alvarado, Esq.**                               **U.S. Department of Justice**
**October 8, 2004**
**Page -2-**

3.    He agrees to provide <u>complete</u> and <u>truthful</u> testimony to any grand jury, trial jury, or judge in any proceeding in which he may be called to testify by the United States.

4.    Your client further acknowledges and agrees that he understands that the United States's grant of use immunity herein is conditioned, in part, upon his complete compliance with paragraphs 2 and 3. Should he knowingly make any materially false statement or omission in providing information or testimony under this agreement, the United States will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense, as well as a prosecution for giving false statements and perjury.

5.    For instance, your client must neither conceal or minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts, whatever those may be.

6.    The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

7.    Your client agrees to act in a covert capacity on behalf of the United States to assist in gathering evidence of illegal drug trafficking and other crimes.

8.    In such a covert role, your client agrees that he will act solely at the direction and under the supervision of agents of the Drug Enforcement Administration, Vermilion County Metropolitan Enforcement Group, and other agents working with those agencies (hereinafter referred to as "your client's supervising agents") and agree to strictly follow all directions given to your client by such agents or this office.

9.    Your client agrees that he will not engage in any criminal activity of any kind, without the prior knowledge and approval of your client's supervising agents and this office. Your client agrees that he will not engage in any use of any controlled substance.

10.    Your client agrees that he will not initiate any contact with the subjects of any United States investigation without the prior knowledge and approval of the United States.

11.    Your client agrees that he will not tell anyone anything about any United States investigation or his own cooperation without the prior knowledge and approval of

**Robert A. Alvarado, Esq.**                                    **U.S. Department of Justice**
**October 8, 2004**
**Page -3-**

the United States.

12. The United States agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your client's cooperation. At this time, the United States is not making and has not made any promise or commitment of any kind to you or your client regarding the prosecution of any offense or the sentence in any case.

13. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States's evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.

14. Your client agrees that he will not frivolously contest his guilt or any sentencing issues in his pending federal criminal proceeding.

15. *Any violation of any part of this agreement by your client will void this agreement in its entirety and will release the United States from any obligation under this agreement.*

This letter embodies the entirety of the United States's use immunity agreement with your client. No other promise or agreement exists between your client and the United States regarding immunity.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/ Eugene L. Miller

Eugene L. Miller
Assistant United States Attorney

**Robert A. Alvarado, Esq.**                                    **U.S. Department of Justice**
**October 8, 2004**
**Page -4-**

### AGREED:

I have read this letter entirely, and I understand and completely agree to the above terms. No promises have been made other than those stated in this letter regarding cooperation or immunity.

s/ Daxtrell D. Robinson                          s/ Robert A. Alvarado
Daxtrell D. Robinson                             Robert A. Alvarado
Defendant                                        Attorney for Defendant


DATE: October 12, 2004                           DATE: October 12, 2004