**E-FILED**
Monday, 11 February, 2008  01:06:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

DISTRICT: <u>Central District of IL, Urbana Division</u>            .

PLACE OF CONFINEMENT <u>FCI Waseca</u>

_____.

| | |
|---|---|
| <u>Daxtrell D. Robinson</u>           ) | |
| )   | |
| DEFENDANT/PETITIONER,      ) | |
| )   | |
| VS.              ) | CASE NO. <u>CR04-20063-001</u>___ |
| )   | |
| UNITED STATES OF AMERICA       ) | |
| )   | |
| PLAINTIFF/RESPONDENT.       ) | |

## MOTION

Petition for a reduction in sentence, pursuant to revisions in the United States Sentencing Guidelines (Amendment 706, Effective November 1, 2007) Section <u>2D1.1</u>.  Also, Petitioner is seeking permission to proceed in forma pauperis and pro se.

## ARGUMENT

This Court, exercising its sound discretion, may grant a reduction in sentence per the above noted. It is submitted that the Petitioner in this case, qualifies for the relevant sentence reduction, pursuant to the retroactivity of United States Sentencing Guidelines, Amendment 706, per 18 U.S.C. § 3582(c)(2) pursuant to 28 U.S.C. § 994(a) and (p) and U.S.S.G. § 1B1.10(c).

This Petitioner humbly recognizes this good faith effort by the United States Sentencing Guidelines Commission, to address

1

the sentencing disparity with the "Crack Cocaine v. Powder Cocaine"
sentencing ratio. Defendant/Petitioner was sentenced to a term
of imprisonment of _____240_____ months, in violation of
21 USC 841 & 851 _____ .

## CONCLUSION

Based on the foregoing arguments and authorities, the Petitioner,
_____, respectfully urges this Honorable
Court to grant such noted relief or any other relief to which
Petitioner may be entitled. In addition, please reconsider the
factors as noted in 18 U.S.C. § 3553(a) and the recent Supreme
Court ruling in Kimbrough v. United States, decided December
10, 2007.

Respectfully Submitted,

Date: _____          _____

I declare under penalty of perjury that the foregoing is
true and correct, and this Motion under 18 U.S.C. § 3582(c)(2)
pursuant to 28 U.S.C. § 994(a) and (p), and U.S.S.G. Amendment
706, was placed in the prison mailing system on _____ .

## PROOF OF SERVICE

I certify that, I mailed a copy of this Motion to the following
address: Federal US Courthouse, 201 S. Vine St., Urbana, IL 61802

_____ .

_____
Petitioner's Signature

2

SUPREME COURT OF THE UNITED STATES

KIMBROUGH V. UNITED STATES

OCTOBER TERM 2007

The Court relied in part on its view that Kimbrough's case exemplified the "disportionate and unjust effect that crack cocaine guidelines have in sentencing."

Held:

1. Under United States v. Booker, 543 U.S. 220, the Cocaine Guidelines, like all other Guidelines, are advisory only. The Fourth Circuit erred in holding the crack/powder disparity effectively mandatory.

A district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in a particular case, a within - Guidelines sentence is "greater than necessary" to serve the objectives of sentencing, § 3553(a), In making that determination, the Judge may consider the disparity between the Guidelines treatment of crack and powder offenses.

For powder cocaine, the offense level of 12 results in a Guidelines range of 10 to 16 months for a first-time offender, an offense level of 38 results in a range of 235 to 293 months for the same offender, if the substance is Crack Cocaine.

Since 1995, the Commission has advocated against the sentencing disparity of the Powder Cocaine v. Crack Cocaine. Every attempt to get Congress to address this matter, fell on death ears.

Additionally, the crack cocaine disparity disporportionately victimizes african american defendants. Roughly, eighty-seven percent of all those convicted are african americans.

Many judges have openly stated in court "I would like to give you a lower sentence, but my hands are tied" clearly suggesting that the sentencing guidelines, are mandatory as opposed to advisory. The remedial ruling in Constitutional Booker, 543 U.S. 220 (2005), excised the subsection(s) of the applicable statute 18 U.S.C. § 3553 (b)(1) rendering the guidelines advisory in nature.

This Petitioner humbly appeals upon the Court to reconsider the harsh sentence that he has received, and re-sentence with leniency and resonableness in light of the clarity of Kimbrough. The Courts specifically stated that the Eighth Amendment's ban on cruel and unusual punishments, "prohibits... sentences that are disproportinate to the crime committed", and that the constitutional principle of proportionality has been recognized explicitly in this Court for almost a century. See; Solem v. Helm, 463 U.S. 277,279 (1983).

The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" by Congress. 18 U.S.C. § 3553(a).

Hope is the necessary condition of mankind, for we are all created in the image of GOD. Sentencing should not be so severe that it takes away all possibility of useful life or destroys hope.

Date: _____          Humbly Submitted,

_____