UNITED STATES DISTRICT COURT

DISTRICT: _Central District of Illinois Urbana Division_.

PLACE OF CONFINEMENT _Waseca, MN Federal Correctional Institution_

---

_Cortnell Robinson_

**DEFENDANT/PETITIONER,**

VS.

**UNITED STATES OF AMERICA**

**PLAINTIFF/RESPONDENT.**

FILED
MAR 3 1 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

CASE NO. _CR 04-20063-001_

## MOTION

Petition for a reduction in sentence, pursuant to revisions in the United States Sentencing Guidelines (Amendment 706, Effective November 1, 2007) Section <u>2D1.1</u>. Also, Petitioner is seeking permission to proceed in forma pauperis and pro se.

## ARGUMENT

This Court, exercising its sound discretion, may grant a reduction in sentence per the above noted. It is submitted that the Petitioner in this case, qualifies for the relevant sentence reduction, pursuant to the retroactivity of United States Sentencing Guidelines, Amendment 706, per 18 U.S.C. § 3582(c)(2) pursuant to 28 U.S.C. § 994(a) and (p) and U.S.S.G. § 1B1.10(c).

This Petitioner humbly recognizes this good faith effort by the United States Sentencing Guidelines Commission, to address

1

the sentencing disparity with the "Crack Cocaine v. Powder Cocaine" sentencing ratio. Defendant/Petitioner was sentenced to a term of imprisonment of _240_ months, in violation of _____.

## CONCLUSION

Based on the foregoing arguments and authorities, the Petitioner, _Dantrell Robinson_, respectfully urges this Honorable Court to grant such noted relief or any other relief to which Petitioner may be entitled. In addition, please reconsider the factors as noted in 18 U.S.C. § 3553(a) and the recent Supreme Court ruling in <u>Kimbrough</u> v. <u>United States</u>, decided December 10, 2007.

Respectfully Submitted,

Date: _3-24-08_                      _Dantrell Robinson_

I declare under penalty of perjury that the foregoing is true and correct, and this Motion under 18 U.S.C. § 3582(c)(2) pursuant to 28 U.S.C. § 994(a) and (p), and U.S.S.G. Amendment 706, was placed in the prison mailing system on _3-24-08_.

## PROOF OF SERVICE

I certify that, I mailed a copy of this Motion to the following address: _United State District Court of Illinois 201 S. Vine st Urbana Illinois_.

_____
Petitioner's Signature

2

## ARGUEMENT
U.S. -v- Booker
(2005) 543 US 220, 160 L.Ed.2d 621
125 S. Ct. 738

Bryer, J. joined by Reinquist, Ch. J., O'Connor, Kennedy and Ginsberg, J.J., delivering the opinion of the court in part, expressed the view that:

(1) The proper remedy for conflict between the Guidelines and Sixth Amendment was to hold UnConstitutional two Federal Sentencing Act provisions - §3553(b)(1), which made the Guidelines <u>mandatory</u>, and §3742(e), which depended on the Guidelines mandatory nature - to sever these two provisions, and to excise them, as Congress would likely have preferred the excision of some of the Act, namely the Act's <u>mandatory</u> language, to invalidation of the entire Act. So modified, the Act made the Guidelines effectively advisory, 18 U.S.C. §3553(a), but (b) permitted the court to tailor the sentence in light of other statutory concerns. Despite the abscence of §3553(b)(1), the Act, in other sections continued to provide for Appeals by the Government and by Defendants from sentencing decisions irrespective of whether the Trial Judge sentenced within or outside the Guideline Range in the exercise of the Judge's discretionary power under 18 U.S.C. §3553(a).

The Act without its "mandatory" provision and related language remained consistent with Congress' initial and basic sentencing intent (stated in 28 U.S.C. §991(b)(1)(B) to provide certainty and fairness in meeting the purposes of sentencing while avoiding unwarranted sentencing disparities and maintaining sufficient flexibility and to permit individualized sentences when warranted.

However, with the advent and inclusion of "mandatory minimum sentences", this process appears to have been reversed, and we're now back at square one. Looking head on at yet another mandatory sentencing process.

### CRIMINAL HISTORY CATEGORY

Based on the defendant's criminal history, it illustrates that his criminal history substantially over represents the seriousness of the defendants overall criminal history, and was not properly taken into consideration when considering the facts as noted in §3553(a). The defendant is further requesting the Honorable Judge, to review his criminal history and, as a result, consider it for a basis for a downward departure. A category that was not fully considered during the sentencing phase of his case.

Respectfully submitted,

*[signature]*
Defendant