**E-FILED**
Monday, 31 March, 2008  04:52:58 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 04-CR-20063** |
| | ) | |
| DAXTRELL D. ROBINSON, | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

On May 25, 2005, a sentencing hearing was held and Defendant, Daxtrell D. Robinson, was sentenced to a term of 240 months in the Federal Bureau of Prisons for a crack cocaine offense.  On February 7, 2008, Defendant filed a pro se Motion to Reduce Sentence (#33) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.  On February 7, 2008, this court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant.

On March 4, 2008, Jonathan E. Hawley of the Federal Public Defender's office filed a Motion to Withdraw as Counsel (#35).  In his Motion, Defendant's counsel stated that he had thoroughly reviewed Defendant's case and concluded that he is ineligible for a reduction because he was sentenced to the statutory mandatory minimum sentence so that this court could not impose a sentence lower than originally imposed, regardless of the amendment to the crack cocaine sentencing guideline. Defendant's counsel therefore asked to be allowed to withdraw as counsel and asked that Defendant be allowed to proceed pro se.

On March 6, 2008, this court entered an Order (#36).  This court noted that a reduction in sentence cannot be granted where the amendment does not have the effect of lowering the defendant's guideline range because he was sentenced to the applicable statutory mandatory minimum sentence. This court then granted Defendant's counsel's motion to withdraw and allowed Defendant to pursue

the matter pro se. This court allowed Defendant 28 days to file a pleading that either (a) conceded that the Amendment does not apply because he was sentenced to the applicable statutory mandatory minimum sentence, or (b) explains why the Amendment applies in spite of the sentence to the statutory mandatory minimum.

On March 31, 2008, Defendant filed a pro se Response to Order (#38) (titled by Defendant as a Motion). In his Response, Defendant argued that this court may exercise its discretion and grant a reduction in his sentence based upon the amendment to the sentencing guidelines for crack cocaine offenses. Defendant asked this court to consider the factors set forth in 18 U.S.C. § 3553(a) and the ruling of the United States Supreme Court in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007).

This court has carefully reviewed the record in this case and Defendant's Response. Following this careful review, this court agrees with Defendant's counsel that, because Defendant was sentenced to the applicable statutory mandatory minimum sentence, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion to Reduce Sentence (#33) is DENIED.

(2) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 31st day of March, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

2